IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. CARROLL,<br><br>    Plaintiff,<br><br>vs.<br><br>CAMERON LIEWER, ANDREW CORBIN, BRITTANY MARKER, TYLER STENDER, KOLTON NEUHAUS, JAMES BEAVER, JAMES JOHNSON, HUNTER LEWIS, CHRIS LUEBE, JULIE BATENHORST, ALYSSA COLVER, RAY PARTEE, JERRY HEMIK, RAY WINTERS, KRISS BOE SIMMONS, DIANE SCHUMUCHER, MARSHA SCHWARTZ, PATRICIA TRUE, KAIN SPARR, MIKE MEJSTRIK, JUVET CHE, DON WHITMIRE, COREY BANKS, STEPHANIE OWENS, ANDREW ENGLISH, EDGAR OLIRAN, and STEPHANIE BEASLEY,<br><br>    Defendants. | 8:21CV266<br><br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff, a civilly committed patient at the Norfolk Regional Center ("NRC"), has been given leave to proceed in forma pauperis. The court will now conduct an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

  Plaintiff sues numerous individuals who are designated as "Administration and treatment team" members. He indicates all Defendants are sued only in their

individual capacities (Filing 1, p. 2.) For his statement of claim, Plaintiff refers the court to an attachment. (Filing 1, p. 4.) The court interprets this as a reference to a separately filed document, which is designated both as a "request for injunction to retaliation to restore privacy rights" and a "verified complaint for damages and injunctive relief." (Filing 3.) Although docketed as a motion, the court construes this document as forming part of Plaintiff's complaint.

As best as the court can determine, Plaintiff is complaining that a new policy was implemented on July 6, 2021, which places restrictions on phone calls for patients such as himself, who are housed in NRC 2 East.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

"Any form of involuntary confinement, whether incarceration or involuntary commitment, may necessitate restrictions on the right to free speech." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1038-39 (8th Cir. 2012) (internal quotation marks and citations omitted). In *Beaulieu*, the parties agreed that the standard set forth in *Turner v. Safley*, 482 U.S. 78 (1987), applied in determining the constitutionality of a policy limiting the telephone usage of civilly committed patients, and the court applied that standard:

> (1) whether there is a valid, rational connection between the regulation and legitimate governmental interests put forward to justify it; (2) whether alternative means of exercising their rights remain open to the prisoners; (3) whether accommodation of the asserted rights will trigger a "ripple effect" on fellow inmates and prison officials; and (4) whether a ready alternative to the regulation would fully accommodate the prisoners' rights at de minimis cost to the valid penological interest.

*Beaulieu*, 690 F.3d at 1039 (internal quotation marks and citation omitted). *See also Bennett v. Turner*, No. C15-4197, 2015 WL 9165926, at *5 (N.D. Iowa Dec. 16, 2015) (applying *Turner v. Safley* factors to First Amendment claim by civilly committed plaintiff challenging telephone-use restrictions; noting courts' holdings that prisons and hospitals have great latitude to restrict telephone access and very rigid restrictions are permissible as long as detainees can still "communicate with the outside world").

Here, Plaintiff has not identified the details of the specific policy at issue, nor is the court able to apply the *Turner* factors based on Plaintiff's allegations alone. Nevertheless, Plaintiff's allegations raise a plausible claim that his First Amendment rights might be violated by an overly restrictive telephone policy. *See Carr v. True*, No. 8:21CV117, 2021 WL 3128691, at *2 (D. Neb. July 23, 2021) (citing cases).

However, in order to assert a section 1983 claim, the "plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis

3

added); *see also Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017) ("a person may be held personally liable for a constitutional violation only if his *own* conduct violated a clearly established constitutional right") (internal quotation marks and citation omitted); *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights.") (citation omitted). Here, Plaintiff's allegations do not adequately state a section 1983 claim because it is unclear which Defendants have personally violated Plaintiff's constitutional rights.

The court on its own motion will give plaintiff leave to file an amended complaint. In filing his amended complaint, the Plaintiff should remember that the Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

If the Plaintiff files an amended complaint, he must comply with Rules 8 and 10. *See, e.g., Chandler v. Pogue,* 56 Fed. App'x 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10). In addition, and as discussed above, the Plaintiff must identify personal

involvement or responsibility by each named defendant for the constitutional violations. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege a defendant's personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."). Plaintiff should be mindful to identify each defendant and explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right Plaintiff believes the defendant violated.

## IV. CONCLUSION

Plaintiff's Complaint, while asserting a plausible First Amendment violation, fails to state a claim upon which relief may be granted against any named Defendant. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his claims against specific, named Defendants. The amended complaint must specify the capacity in which the defendants are sued; must identify each defendant by name; and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filings 1 and 3) and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he addresses the matters set forth in this Memorandum and Order.

Accordingly,

IT IS ORDERED:

1. Plaintiff is granted leave to file an amended complaint within 30 days in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the original pleadings (Filings 1 and 3) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **October 12, 2021**—amended complaint due.

5. Plaintiff's motion for injunction (Filing 3) is denied without prejudice.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 10th day of September 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

6