IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIMOTHY J. CARROLL,

                    Plaintiff,

vs.

CAMERON LIEWER, et al.

                    Defendants.

**8:21CV266**

**MEMORANDUM
AND ORDER**

Plaintiff, a civilly committed patient at the Norfolk Regional Center ("NRC"), filed his pro se Complaint (Filing 1) on July 1, 2021, and was granted leave to proceed in forma pauperis. The court conducted an initial review of Plaintiff's Complaint and determined it was subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. Although Plaintiff's Complaint asserted a plausible First Amendment violation, it failed to allege that the individual defendants had personal involvement in or responsibility for the alleged violation of Plaintiff's constitutional rights. See Memorandum and Order dated September 10, 2021 (Filing 7). The court on its own motion gave Plaintiff leave to amend, and an unsigned Amended Complaint was filed on September 24, 2021 (Filing 8). A signed copy of the Amended Complaint was timely filed on October 1, 2021 (Filing 8-1).

Liberally construing Plaintiff's Amended Complaint,[1] he claims Defendants have implemented a blanket policy for staff-assisted telephone calls in his housing unit, which is an unreasonable restriction upon his First Amendment rights. Pursuant to the discussion in the court's previous Memorandum and Order (Filing 7), Plaintiff has alleged a plausible 42 U.S.C. § 1983 claim against ten NRC employees, (1) Andrew Corbin, (2) Hunter Lewis, (3) Julie Batenhorst, (4) Alyssa Colver, (5) Kris

---

[1] "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Boe Simmons, (6) Diane Schumacher, (7) Marsha Schwartz, (8) Juvet Che, (9) Don Whitmire**,** and (10) Robert Marmolejo,[2] all of whom are sued in their individual capacities only. As to these ten Defendants, therefore, this matter may proceed to service of process.[3]

Plaintiff is cautioned this is only a preliminary determination, which is based solely on the allegations contained within the Amended Complaint. This is not a determination on the merits of his claim or any potential defenses to it.

IT IS THEREFORE ORDERED:

1.  This case shall proceed to service of process on the First Amendment claim against Andrew Corbin, Hunter Lewis, Julie Batenhorst, Alyssa Colver, Kris Boe Simmons, Diane Schumacher, Marsha Schwartz, Juvet Che, Don Whitmire**,** and Robert Marmolejo, in their individual capacities. All other claims and parties are dismissed without prejudice.

2.  For service of process on Defendants the Clerk of Court is directed to complete a summons form and a USM-285 form for each Defendant using the address "Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701."

3.  The Clerk of Court is further directed to issue a summons form and USM-285 form for each Defendant using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509." *See* Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in

---

[2] Robert Marmolejo was not named as a defendant in the original Complaint.

[3] Plaintiff has voluntarily dismissed claims against (1) Cameron Liewer, (2) Brittany Marker, (3) Tyler Stender, (4) Kolton Neuhaus, (5) James Beaver, (6) James Johnson, (7) Chris Luebe, (8) Ray Partee, (9) Jerry Hamik, (10) Ray Winters, (11) Kain Sparr, (12) Mike Mejstrik, (13) Corey Banks, (14) Stephanie Owens, (15) Andrew English, (16) Edgar Ollivan,  and (17) Stephanie Beasley. Another named defendant in the original Complaint, Patricia True, is not named in the Amended Complaint, so any claim against her is deemed abandoned.

connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

4. The Clerk of Court shall then forward the completed forms to the Marshals Service together with a sufficient number of copies of Plaintiff's signed Amended Complaint (Filing 8-1) and this Memorandum and Order.[4]

5. **The Marshals Service shall serve Defendants Andrew Corbin, Hunter Lewis, Julie Batenhorst, Alyssa Colver, Kris Boe Simmons, Diane Schumacher, Marsha Schwartz, Juvet Che, Don Whitmire, and Robert Marmolejo, in their individual capacities, at "Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701**," by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

6. **In addition, the Marshals Service shall serve Andrew Corbin, Hunter Lewis, Julie Batenhorst, Alyssa Colver, Kris Boe Simmons, Diane Schumacher, Marsha Schwartz, Juvet Che, Don Whitmire, and Robert Marmolejo, in their individual capacities, at "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509**," by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. §§ 25-510.02 and 25-511.

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

8.  Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

9.  Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 12th day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge